UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LERI BUTIASHVILI,

                              Petitioner,

                        v.

PAUL ARTETA, the Warden of Orange County Jail;
WILLIAM JOYCE, the Acting ICE Field Office Director;
KRISTI NOEM, the Secretary of the Department of
Homeland Security' TODD M. LYONS, the Acting
Director of U.S. Immigration and Customs Enforcement
(ICE); PAMELA BONDI, the Attorney General of the
United States,

                              Respondents.

26-CV-746

ORDER

---

RONNIE ABRAMS, United States District Judge:

       On January 27, 2026, Petitioner Leri Butiashvili, a Georgian national who entered the United States on April 3 2024, was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 ("Pet.") ¶ 16; Dkt No. 6-1 ("Notice to Appear"); Dkt. No. 6 ("Gov't Resp."). Two weeks after his initial detention at the border in 2024, Mr. Butiashvili was released into the country on his own recognizance, with several conditions, including that he must report for immigration hearings, surrender for removal if so ordered, and refrain from violating any laws. Dkt. No. 6-2 ("Order of Release on Recognizance"). The Government has not asserted that Mr. Butiashvili violated any of these conditions. Upon reporting for a scheduled check-in at 26 Federal Plaza on January 27, 2026, however, he was detained by ICE. Gov't Resp. at 1. He is now detained in Orange County Jail in Goshen, New York, within this District. Pet. at 4. On January 28, 2026, he filed a petition for a writ of habeas corpus seeking immediate release from custody. On February 3, 2026, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) is "materially

indistinguishable" from this case and "control[s] the result" for Mr. Butiashvili. *See* Gov't Resp. at 3.

The Court agrees. The circumstances of Mr. Butiashvili's detention are materially indistinguishable from those considered by this Court in *Rivera Esperanza*. In that case, the Court concluded that 8 U.S.C. Section 1226(a) governed the petitioner's detention, rather than 8 U.S.C. Section 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The Court reaches the same conclusions here: Mr. Butiashvili's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Mr. Butiashvili's release from custody within 24 hours of the date of this Order.

Mr. Butiashvili also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Pet. at 9. Mr. Butiashvili may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action.

For the reasons stated above, Mr. Butiashvili's Petition is granted. The Government is ordered to release him from custody in this District within 24 hours. It shall further certify

compliance with the Court's order by promptly filing it on the docket. The hearing scheduled for February 5, 2026 is adjourned.

SO ORDERED.

Dated:   February 4, 2026
         New York, New York

_____
Ronnie Abrams
United States District Judge

3